White, J.
Plaintiff brings this action to recover damages incurred by defendant’s alleged default on a mortgage note. Defendant alleges counterclaims including fraud in the inducement, negligence, and violation of G.L.c. 93A. Plaintiff now moves to dismiss defendant’s counterclaims under Mass.R.Civ.P. 12 (b) (6),[2] alleging that plaintiff is protected against the counterclaims as a holder in due course and that the counterclaims are barred by the statutes of limitations. For the following reasons, plaintiffs motion to dismiss is DENIED.
BACKGROUND
For purposes of this motion, this court accepts as true the allegations made in defendant’s counterclaim. Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). On August 13, 1986, defendant, Anne O. Boschetti (Boschetti), executed a promissory note and mortgage agreement with Comfed Savings Bank (Comfed) . The mortgage was secured by condominium property located at 48 Washington Avenue, Chelsea, Massachusetts. Comfed appraised the property and approved financing for Boschetti’s purchase of the property, having qualified the promissory note and mortgage for sale on the secondary market.
On or around November 13, 1986, plaintiff, First Federal Savings & Loan Association (First Federal) purchased the note and mortgage from Comfed. The loan documents prepared by Comfed contained certain inconsistencies and false representations, including a valuation of the condominium property which was inconsistent with Comfed’s appraisal and the concealment of junior mortgage holders.
In 1990, Comfed became defunct and was taken over by Resolution Trust Company on behalf of the United States of America. In January 1993, First Federal foreclosed on the condominium property and sold it at auction.
Boschetti alleges that First Federal is liable for fraud in the inducement, negligence, and unfair and deceptive trade and settlement practices, because it purchased the note and mortgage agreement with actual or constructive knowledge of the misrepresentations in the loan documents.
DISCUSSION
At the pleading stage, a complaint should be dismissed only if it is unmistakable that the complainant can prove no facts to support a tenable legal claim. Disend v. Meadowbrook School, 33 Mass.App.Ct. 674, 676 (1992).
In support of this motion, First Federal argues that under the Uniform Commercial Code (U.C.C.), it purchased the note and mortgage free of Boschetti’s claims against Comfed. According to the U.C.C., G.L.c. 106, §3-302, a holder in due course is a purchaser who takes the instrument for value, in good faith, and without notice of any defenses against it. See New Bedford Inst. for Savings v. Gildroy, 36 Mass.App.Ct. 647, 651 (1993). Boschetti contends that First Federal takes subject to her claims, because it had notice that the documents were fraudulent when it purchased the mortgage instrument from Comfed. Specifically, Boschetti claims that First Federal had notice that Comfed committed fraud because as Comfed’s as-signee First Federal had possession of the loan documents containing Comfed’s inflated appraisal and misrepresentations concerning junior creditors. In addition, Boschetti alleges that First Federal knew that the documents contained misrepresentations because at the time of the assignment, two junior mortgage holders were on record, while the loan documents indicate no junior financing. Because Boschetti’s counterclaims allege facts to support a theory that First Federal “deliberately cultivated ignorance” of Boschetti’s claims against it, the counterclaims against First Federal should not be dismissed. See id. at 653.
Boschetti further argues in support of its motion that First Federal’s counterclaims are barred by the statute of limitations. Boschetti’s counterclaims of fraud and negligence sound in tort and are subject to a three-year statute of limitation under G.L.c. 260, §2. Boschetti’s claim of unfair and deceptive trade and settlement practices under G.L.c. 93A is subject to a four-year statute of limitations. G.L.c. 260, §5A. Massachusetts recognizes the “discovery” rule under which a cause of action does not accrue until plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of defendant’s conduct. Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d 21, 27 (1993); Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 205-07 (1990). Boschetti alleges that she did not know of the misrepresentations contained in the loan documents or even of the assignment of the *467 mortgage instrument to First Federal until she was served with a Notice of Default on January 15, 1991 in conjunction with her husband’s bankruptcy proceedings. Because Boschetti did not discover First Federal’s alleged misconduct until shortly after January 15, 1991, her counterclaims which were filed on October 20, 1993 are within the relevant statutes of limitations and are not time barred.
ORDER
In light of the foregoing, it is ORDERED that plaintiffs motion to dismiss defendant’s counterclaims be DENIED.

Although plaintiff does not specify the grounds on which it brings this motion, this court will treat plaintiffs motion as a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Mass.R.Civ.P. 12(b)(6).